# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| CALEB A TAYLOR, ) | |
|     Plaintiff, ) | |
| ) | Case No. 3:19-cv-00401 |
| v. ) | Judge Richardson/Frensley |
| ) | Jury Demand |
| EMPLOYEES AT SUMNER COUNTY ) | |
| JAIL, et al., ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

On December 9, 2019, the Plaintiff filed a Motion to Dismiss this action without prejudice. However, the Motion was inadvertently docketed in another case brought by the same Plaintiff also against officers at the Sumner County Jail. 3:19-cv-00481. Docket No. 7. In his Motion, the Plaintiff indicates that he was confused about the dates alleged in his Complaint and thus asks the Court to dismiss this action without prejudice. *Id.* Prior to the filing of Plaintiff's motion, Defendant Jack Babbitt filed a Motion for Summary Judgment identifying the discrepancy in the dates and arguing for dismissal on the grounds that Plaintiff's claims is barred by the statute of limitations. Docket No. 22. The Motion to Dismiss has now been properly filed in this action. Docket No. 25. For the reasons stated herein, the undersigned recommends that Plaintiff's Motion to Dismiss (Docket No. 25) be GRANTED.

Rule 41(a)(2) of the Federal Rules of Civil Procedure states in pertinent part that "an action may be dismissed at the Plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). This rule rather than Rule 41(a)(1), applies when a defendant has filed either an Answer or Motion for Summary Judgment. Unless the Order states differently, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* Courts will generally approve such a

dismissal unless the defendant will suffer some plan legal prejudice rather than the mere prospect of a second lawsuit. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364 at 165 (1971). The primary purpose of Rule 41(a)(2) is to protect the defendant from unfair treatment. *Grover by Grover v. Eli Lily and Co.*, 33 F. 3d. 716, 718 (6th Cir. 1994).

It is within the district court's discretion to grant a voluntary dismissal under Rule 41(a)(2). *Id.* An abuse of discretion would occur "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* In making such a determination, the Court may consider factors including: "the defendant's effort and expense in preparation for trial, excessive delay and lack on diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal and whether a motion for summary judgment has been filed by the defendant." *Id.* However, these factors are not exclusive or mandatory. The Courts are less likely to find plain legal prejudice if a defense is still available in a second action. *Rosenthal v. Bridgestone/Firestone, Inc*. 217 Fed. Appx. 498, 500 (6th Cir. 2007).

In the instant case, there is a pending Motion for Summary Judgment filed by the Defendant arguing that the Plaintiff's claims are barred by the statute of limitations. Docket No. 22. The Plaintiff's Motion to Dismiss acknowledges the facts of the Motion for Summary Judgment indicating "the incident took place on November 2, 2017 and not on September 11, 2018. Docket No. 25. Plaintiff's motion further indicates that he "does apologize for the false complaint and asks the Honorable Richardson to dismiss the case and not hold I Caleb Anderson Taylor responsible for prejudice." *Id.*

The Defendants have not responded to the Plaintiff's Motion to Dismiss. From the Plaintiff's motion, it appears that Plaintiff's filing in the instant action was in error and that he

recognizes the error. While there is little reason to believe that Plaintiff would attempt to file this action again, it is clear if he were to do so, the statute of limitations defense and Plaintiff's acknowledgement that the action was untimely would be available to the Defendants. Further, Plaintiff filed his Motion to Dismiss just over a month after obtaining service on the Defendants and prior to the entry of a scheduling order or significant discovery in this case. For these reasons, the undersigned does not believe that Defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice.

The undersigned recommends that Plaintiff's Motion to Dismiss (Docket No. 25) be Granted and this action should be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**